VINCENZO FERRO, APPELLANT, v. ATLANTIC CITY ELECTRIC COMPANY, RESPONDENT.

Submitted February 11, 1927—Decided May 16, 1927.

1. A live electric wire having fallen in the street, which was struck by a passing automobile, throwing the wire against the plaintiff, a pedestrian on the street—*Held*, the proximate cause of the injury to the plaintiff is a jury question, controlled by the case of *McKeown v. King*, 99 N. J. L. 251.
2. A motion to nonsuit admits the truth of the plaintiff's evidence and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law.

3. The privilege to suspend along a public street a wire so charged with electricity as to be dangerous to the public if it should break and fall, this privilege entails a very high degree of care to maintain the wire intact.

4. In this case, the defendant's negligence and the plaintiff's contributory negligence were jury questions. A nonsuit was reversible error.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Burton A. Gaskill.*

For the respondent, *Thompson & Hanstein.*

The opinion of the court was delivered by

BLACK, J. This was an accident case. The trial resulted in the direction of a nonsuit by the trial judge, upon the plaintiff's opening, but, after the plaintiff had been sworn and before the plaintiff's testimony had been concluded. The basis of the trial judge's ruling, as stated by the court, was the act of the automobile striking the fallen electric wire in the street, throwing it against the plaintiff, was an intervening agency, so that the negligence of the defendant, if negligence, in leaving the wire down was not the proximate and direct cause of the plaintiff's injuries. This ruling is the alleged error, as a basis for the appeal.

The facts, succinctly stated, out of which the cause of action arose are these: The plaintiff, Vincenzo Ferro, lived at the corner of Iowa and Fairmount avenues, in Atlantic City. He went home to lunch about twelve o'clock noon on October 17th, 1924. He then saw an electric light wire lying in and along Iowa avenue and crossing Fairmount avenue. At about one forty-five P. M., as he was again returning to his home, in stepping from the public highway to the sidewalk on Iowa avenue and over the electric wire, the wire was struck by a passing automobile on Fairmount avenue. The live wire was thrown against the plaintiff causing the injuries alleged in the complaint.

The electric light wire fell to the street before twelve o'clock in the forenoon. The defendant company had notice that the

electric wire was down in the street immediately after the wire fell. The defendant company was again notified at twelve-thirty P. M. that the electric wire was still hanging in the street. The defendant company did not attempt to make any repairs of the wire until two P. M., after the plaintiff had been injured. The wire carried two thousand two hundred volts of electricity and was not protected by a guard wire above and running with it. The wire was broken by a limb of a tree falling upon it, which caused it to fall to the street. The precise question involved here, upon facts almost the same, except a covering to a drain instead of a fallen live wire, was the cause of the accident; on these facts, this court decided adversely to the ruling made by the trial court in the case of *McKeown* v. *King,* 99 *N. J. L.* 251. In that case an iron covering placed over a drain and extending across a sidewalk, which was also extended out into the public highway, as the plaintiff was walking on the sidewalk, a part of the cover in the highway was struck by an automobile truck passing along the public highway throwing the drain cover against the plaintiff. This court held, affirming the ruling of the trial court, that the question of proximate cause of the plaintiff's injury was for the jury. This disposes of this case and leads to a reversal of the judgment of nonsuit. But, as the case must be retried, it may not be amiss to add that the question whether causal connection exists, so that the original wrong-doer shall be liable, is discussed at some length and illustrated in the leading case of *Delaware, &c., Railroad Co.* v. *Salmon,* 39 *Id.* 299. In that case Mr. Justice Depue (at *p.* 309) said: "The cases in which responsibility is laid on the original wrong-doer, though intervening agencies without his fault has interposed, are quite numerous. Indeed, cases of this class are only instances of the application of the principle adjudicated in the well-known Squib case, as expressed in the opinion of Chief Justice De Grey. *Scott* v. *Shephard,* 2 *W. Bl.* 892."

So, in the case of *Geise* v. *Mercer Bottling Co.,* 87 *N. J. L.* 224.

The rule to be applied on a motion to nonsuit is stated,

applied and illustrated, in many of our reported cases. Thus, a motion for nonsuit admits the truth of the plaintiff's evidence and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law. *Kerner* v. *Zerr, ante, p.* 424; *Jones* v. *Public Service Railway Co.,* 86 *N. J. L.* 646. Under this rule, it was error to nonsuit the plaintiff in this case.

So, when permission is given to suspend along a public street a wire, so charged with electricity as to be dangerous to the public, if it should break and fall upon the street, this privilege entails a very high degree of care to maintain the wire intact. *Newark Electric Light, &c., Co.* v. *Ruddy,* 62 *N. J. L.* 505; *affirmed,* 63 *Id.* 357; *Rowe* v. *New York, &c., Tel. Co.,* 66 *Id.* 19.

The elemental rule is that whoever uses a highly destructive agency is held to a correspondingly high degree of care. *Anderson* v. *Jersey City Electric Light Co.,* 63 *N. J. L.* 387.

The defendant's negligence, and the plaintiff's contributory negligence were jury questions. It was error for the trial court to nonsuit the plaintiff.

The judgment of the Atlantic County Circuit Court, under review, is therefore reversed, and a *venire de novo* is directed to issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.